KERR, District Judge.
This case arises as an appeal from a decision rendered by the United States District Court for the District of Colorado affirming an order of the United States Bankruptcy Court for the District of Colorado. Appellant is the bankrupt in the bankruptcy court proceedings below. In those proceedings it was determined that a certain debt owed to the First National Bank of Albuquerque, New Mexico acting as guardian of the estate of Paul Anthony Sanchez, a minor, was a result of willful and malicious conduct, and thereby nondischargeable in bankruptcy.
There are three issues raised in this appeal. They are briefly stated as follows:
(1) Based upon the evidence presented during the bankruptcy proceedings, whether the findings of the bankruptcy court are clearly erroneous and unsupported by clear and convincing evidence;
(2) Whether the actions of appellant reflected in the findings of the bankruptcy court constitute “willful and mali *608 cious” conduct as defined in § 17 of the Bankruptcy Act; and
(3) Whether appellant was denied an opportunity to effectively present an appeal to the district court.
The relevant facts of this case involve, for the most part, an extensive procedural and appellate history, and are related as follows:
In 1977 Paul Anthony Sanchez was admitted to the hospital for an appendectomy. The operation was performed by appellant, an osteopathic surgeon practicing in New Mexico. Cardiac arrest occurred during the surgery and Sanchez sustained extensive brain damage. Legal proceedings against appellant were initiated in the district court for the State of New Mexico, alleging negligent medical care and actions so reckless and willful that both compensatory and punitive damages were claimed.
An initial default judgment was entered awarding compensatory damages of $912,-250.00 and punitive damages of $225,000.00 to Paul Anthony Sanchez and compensatory damages of $80,895.00 to Reina Sanchez, Paul’s mother. The New Mexico Court of Appeals affirmed the award of compensatory damages, but reversed the award of punitive damages, holding that punitive damages could only be awarded after a trial.
A trial was held in September and October, 1977 on the issue of punitive damages, the transcript of which has been made a part of this record. Though no instruction defining “willful and wanton” under New Mexico law was given, the jury returned a general verdict awarding punitive damages to Paul Anthony Sanchez in the amount of $6,850.00. This verdict was affirmed by the New Mexico Court of Appeals and the New Mexico Supreme Court denied a petition for writ of certiorari.
In December 1977 appellant filed a petition for bankruptcy listing as one of the debts the judgment in favor of plaintiffs in the medical negligence case. The bank as guardian and Reina Sanchez entered an appearance in the bankruptcy proceeding to object to the discharge of the judgment.
Based solely upon the record and judgment in the state court, in accordance with In re Nicholas, 510 F.2d 160 (10th Cir.1975), cert, denied, 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1975), the bankruptcy court held that the debt owed to the bank was nondischargeable. The court found that willful and malicious conduct on the part of appellant was clearly evident. The record regarding the debt to Reina Sanchez was found by the bankruptcy court to be. ambiguous and an evidentiary hearing was ordered.
The findings of the bankruptcy court were affirmed in the district court and the decision appealed to this court. In an opinion dated February 20, 1980 this court reversed and remanded the entire matter. In Re Franklin, 615 F.2d 909 (10th Cir.1980). In the course of that appeal, the United States Supreme Court had disapproved of the In Re Nicholas ruling and had determined that a bankruptcy court, in making a discharge determination, was not limited to review of the state court judgment and record. In other words, the notion of res judicata should not be applied to control the decision of the bankruptcy court regarding § 17 issues. Whether collateral estoppel effect need be given the prior state judgment was a question left unanswered by the court. Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).
On remand, the bankruptcy court found that collateral estoppel prevented relitigation of the issues previously tried in the state court, and once again determined the judgment debt to be nondischargeable.
This second determination made by the bankruptcy court was also appealed to the district court. The district court again remanded the case back to the bankruptcy court, holding that the bankruptcy court was not bound by the doctrine of collateral estoppel and that an independent determination of dischargeability should be made. The district court indicated that when the bankruptcy court made its independent determination it could and should use the state court proceedings, however, the determination must be more than a mere substi *609 tution of the jury verdict for the court’s finding. In so many words the district court said:
We do not envision that a trial de novo must be held by the Bankruptcy Court. Nor do we intend to imply that the state court proceedings should play a small role in the Referee’s Section 17 determination. Where the state court proceedings, including the transcript and other state records, are the only evidence offered to the Bankruptcy Referee, the Referee may very well be able to make a conclusive determination for purposes of Section 17. However, the Bankruptcy Court must then state its findings and conclusions on the issues. Memorandum Opinion, Proceeding No. 77 B 3762, p. 8 (U.S.D.C., Dist. of Colo. Aug. 26, 1981).
A hearing pursuant to the remand was held in the bankruptcy court on October 21, 1981. At that hearing, the First National Bank of Albuquerque presented only the state court record, including exhibits as evidence. Appellant moved for judgment in his favor, contending that the state court transcript was an insufficient basis upon which findings could be made. The motion was denied and appellant took the stand on his own behalf. Appellant was also given an opportunity to present those exhibits from the state court proceedings that he found necessary. Aside from oral argument, nothing more of substance took place at the bankruptcy hearing; no additional evidence was presented.
On November 18, 1981 the bankruptcy referee filed findings of fact and conclusions of law in appellant’s case. The opinion is 12 pages in length and sets out in some detail the portions of the state court record upon which it relied for its determination. That determination is: “The bankrupt [Appellant] is liable for willful and malicious injury to the person of another” and consequently the debt is not discharged. Findings of Fact, Conclusions of Law and Order on Complaint to Determine Dis-chargeability of Debt, Bankruptcy No. 77 B 3762, p. 12 (U.S. Bankruptcy Court, Dist. of Colo. Nov. 18, 1981). It is from this determination that appellant appeals.
I. BANKRUPTCY COURT FINDINGS
In his first issue, appellant attacks the findings of the bankruptcy court which are based upon the record of the state court proceeding. Specifically appellant objects to use of the record which contains ambiguities and a general jury verdict made without certain instructions. In the first place, this court is not concerned with the general jury verdict and the absence of so called “critical” jury instructions. The bankruptcy court was ordered to make an independent determination regarding appellant’s conduct. When previously, the bankruptcy court had considered the verdict in attempting to apply the doctrines of res judicata or collateral estoppel, the case was remanded back for further proceedings. In its last consideration, the bankruptcy court appears to have made the necessary independent determination. The Order entered by the bankruptcy court consists of findings of fact and conclusions of law; the factual findings are supported by evidence from the state trial transcript. The bankruptcy court did not rely on the general verdict of the jury, and therefore, that verdict and the instructions upon which it was based are not relevant to a review of the bankruptcy court findings.
As for the ambiguity of the record, there is certainly no doubt that the transcript of the trial proceedings contains conflicting evidence. However, such is the case with most trials, and the bankruptcy court as the trier of fact in this situation has the duty to sort through those conflicting facts, weigh the evidence and reach a factual determination. Here, too, it does not matter what or who the jury believed. The bankruptcy court as an independent trier of fact made its own determination, leaving this court the opportunity to reverse that determination only if it is found to be clearly erroneous and unsupported by the evidence.
Again this court concedes that the transcript contains much conflicting and tenuous evidence, however, within that evidence *610 there is a substantial basis to support the findings of the bankruptcy court. The fact that the transcript contained evidence which may have led to a different result is not clear indication of error, and no other such showing of error has been made.
The transcript of the state court proceedings is competent evidence as we have previously held. Appellant had an opportunity to present any additional evidence at the October 21,1981 hearing. He chose only to briefly take the stand himself. Presumably that testimony was also considered by the bankruptcy court in reaching its final decision. That decision, upheld by the district court, is supported by substantial evidence in the record, and not clearly erroneous, it must be affirmed.
II. BANKRUPTCY ACT § 17 — WILLFUL AND MALICIOUS CONDUCT
The bankruptcy court held that appellant’s debt was nondischargeable, falling within the exceptions to discharge provided in the Bankruptcy Act 11 U.S.C. § 523 (Section 17). Specifically the act provides: .
(a) A discharge under ... this title does not discharge an individual debtor from any debt—
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
No definition is given in the statute for the terms “willful and malicious,” however, the notes of the committee as well as much case law has provided the meaning of those words. The committee notes provide that “willful” means “deliberate or, intentional.”' 11 U.S.C.A. § 523, Historical and Revision Notes. The courts have generally held that “willful and malicious” requires the intentional doing of an act which necessarily leads to injury. 11 U.S.C.A. § 523 n. 253 and cases cited therein. Both the bankruptcy court and the district court cite a case from this court setting forth the generally accepted definition, Den Haerynck v. Thompson, 228 F.2d 72 (10th Cir.1955). Using this definition, the bankruptcy court found that the actions of appellant amounted to “a willful disregard of that which he knew to be his duty,” and “a complete and total disregard of acceptable medical practice,” Bankruptcy Opinion p. 8, and thereby constituted willful and malicious conduct. The bankruptcy court cites specific examples of appellant’s actions which support such a finding, including the prescribing of an anesthetic without a patient history, the over induction of the patient with anesthesia, and the cover up of records relating to the surgery and subsequent cardiac arrest. While yet again this court must admit that the testimony is controverted, there is evidence in the record to support the conclusions reached by the bankruptcy court. Furthermore, the district court in reviewing this issue based upon the same standard, held that “in the instant case, there is clear evidence of willful and malicious injury sufficient to make a debt nondischargeable.” Memorandum Opinion Affirming Order of the Bankruptcy Court, p. 4, dated July 2, 1982. As the issue is brought before this court, no additional evidence to contradict the decision of the district court and bankruptcy court has been presented, save the appellant’s own testimony that he did not intend for the injury to occur. By finding that this testimony is insufficient to contradict evidence of willful and wanton conduct, this court does not intend to imply that appellant performed the surgery in an effort to bring about the cardiac arrest which caused such drastic injury to Sanchez. However, there is little doubt that appellant intended the acts that he did perform, which acts performed in the manner and under the conditions present in this particular situation necessarily resulted in the injury. That is sufficient to support a finding of willful and malicious conduct. Appellant’s actions, which were found by the bankruptcy court to have taken place do constitute willful and malicious conduct as that term is intended in the Bankruptcy Act. The decision of the bankruptcy court and the district court so holding must be affirmed.
III. DISTRICT COURT. APPEAL
Finally, appellant contends that he was denied an opportunity to effectively *611 appeal the bankruptcy court decision to the district court. The bankruptcy court decision was dated November 18, 1981. A notice of appeal was filed on November 27, 1981; appellant thereafter filing a designation of contents for inclusion in record on appeal and a statement of issues on appeal on December 7, 1981. In a minute order dated January 14, 1982 the district court stated:
On or before January 28, 1982, the parties shall file a statement of position concerning the additional findings of fact and conclusions entered by the Referee in Bankruptcy on November 18, 1981. Said statement should include, inter alia, the parties’ positions on the procedural and substantive aspects of this action on appeal as it now stands and recommend disposition by this Court. In addition, appellant shall supplement the record on appeal with a transcript of any hearings which occurred on remand, and if determined necessary to appellant’s position, any relevant transcripts from the New Mexico state courts. All additional material shall be filed on or before January 28, 1982.
Thereafter both parties filed a statement of position and considering these materials, the district court on July 2, 1982 affirmed the order of the bankruptcy court.
In light of the fact that appellant’s case has been in the district court on two previous occasions, extensively briefed and argued, the familiarity with the case justified the court’s limitation of arguments and memoranda on the matter. The district court had ordered the bankruptcy court to make an independent determination regarding appellant’s willful and wanton conduct, and satisfied that it had done so, affirmed the findings. Furthermore, this court, which has before it the entire record on appeal and has carefully reviewed the state trial transcript, finds ample evidence to support the findings which were affirmed.
Appellant was given an opportunity to alert the district court regarding the objections to the bankruptcy court findings. The district court was then competent to make its own review, reaching a result supported by the record and this court.
For the foregoing reasons the decision of the district court is
AFFIRMED.