938 F.2d 1156
 25 Collier Bankr.Cas.2d 489, 21 Bankr.Ct.Dec. 1490,
Bankr. L. Rep. P 74,092
 In re Edwin Max SERAFINI a/k/a E. Max Serafini, d/b/a
Cottonwood Farms, and Doris Ann Serafini, Debtors.
The FIRST NATIONAL BANK OF GORDON, Plaintiff-Appellant,
v.
Edwin Max SERAFINI a/k/a E. Max Serafini, d/b/a Cottonwood
Farms, and Doris Ann Serafini, Defendants-Appellees.
 No. 90-1151.
 United States Court of Appeals,
Tenth Circuit.
 July 16, 1991.
 
 Russell O. Stewart (Michael J. Cook of Faegre & Benson, with him on the brief), Denver, Colo., for plaintiff-appellant.
 Richard L. Harring (Virginia Moses Dalton of Calkins, Kramer, Grimshaw & Harring, with him on the brief), Denver, Colo., for defendants-appellees.
 Before ANDERSON and McWILLIAMS, Circuit Judges, and ALLEY,* District Judge.
 McWILLIAMS, Circuit Judge.
 
 
 1
 This is an appeal from a district court judgment affirming a bankruptcy court's order granting E. Max Serafini and Doris Ann Serafini a discharge under 11 U.S.C. Sec. 727.
 
 
 2
 On June 8, 1987, Max Serafini and Doris Serafini filed a voluntary joint petition under Chapter 7 of Title 11 of the Bankruptcy Code. On October 13, 1987, the First National Bank of Gordon, an unsecured creditor of the Serafinis, filed a complaint objecting to the Serafinis' discharge. On February 9 and 10, 1988, trial was held before a bankruptcy judge, who, after the Bank had presented its evidence, dismissed the complaint under Fed.R.Civ.P. 41(b). In so doing, the bankruptcy judge concluded, inter alia, that the Bank had not met its burden of proof to show by "clear and convincing evidence" such fraud on the part of the Serafinis as would trigger the provisions of 11 U.S.C. Sec. 727(a)(2).
 
 
 3
 Pursuant to 28 U.S.C. Sec. 158(a), the Bank appealed the judgment of the Bankruptcy Judge to the United States District Court for the District of Colorado. On April 26, 1990, the district court affirmed the judgment of the bankruptcy court, stating on several occasions in its Memorandum Opinion and Order that the Bank had to establish its claim under Sec. 727 by "clear and convincing evidence." The district court's Memorandum Opinion and Order now appears as In re Serafini, 113 B.R. 692 (D.Colo.1990). Background facts detailed there will not be repeated here. The Bank now seeks review of the district court's order and judgment.
 
 
 4
 Subsequent to the date of the judgment of the district court, the United States Supreme Court in Grogan v. Garner, --- U.S. ----, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) reversed the Eighth Circuit Court of Appeals and held that a "preponderance of the evidence" standard, rather than a "clear and convincing" standard, applies to all exceptions from the dischargeability of debts contained in Bankruptcy Code Sec. 523(a), including the nondischargeability for fraud provision.[1] Grogan, --- U.S. at ----, 111 S.Ct. at 661.
 
 
 5
 Grogan is concerned with 11 U.S.C. Sec. 523 rather than 11 U.S.C. Sec. 727(a)(2). However, we perceive no good reason to apply a different standard where Sec. 727(a)(2) is involved. It would be incongruous to apply a "preponderance of the evidence" standard to Sec. 523(a) and a "clear and convincing" standard to Sec. 727(a)(2). Such would be clearly at odds with the rationale in Grogan.[2]
 
 
 6
 Hence, it is apparent that in evaluating the Bank's evidence, both the bankruptcy court and the district court used the wrong standard. We reject the suggestion of the Serafinis that the bankruptcy court and the district court would have reached the same result had it used the lesser preponderance of the evidence standard. Such is not for us to say. We also decline the invitation by the Bank to rule on its collateral estoppel argument. So far as we can tell, that issue was not raised below. In our view, the collateral estoppel issue should first be raised below on remand.
 
 
 7
 Judgment reversed and case remanded for further proceedings.
 
 
 
 *
 Honorable Wayne E. Alley, U.S. District Judge for the District of Oklahoma, sitting by designation
 
 
 [1]
 In Farmers Co-operative Association of Talmage, Kansas v. Strunk, 671 F.2d 391, 395 (10th Cir.1982), we were concerned with Section 14(c) of the old Bankruptcy Act, 11 U.S.C. Sec. 32(c) (repealed 1978) which required a court to grant discharge of a debt unless the court is satisfied that the debtor has committed an offense punishable by imprisonment under 18 U.S.C. Sec. 152, which, in turn, provided that one who knowingly conceals property from the trustee or from creditors in a bankruptcy proceeding shall be fined not more than $5,000 or imprisoned for not more than five years, or both. In connection therewith we said at p. 395 that "[p]roof of fraudulent concealment, in order to bar discharge, need be shown only by a preponderance of the evidence." But see In re Posta, 866 F.2d 364, 367 (10th Cir.1989) and In re Black, 787 F.2d 503, 505 (10th Cir.1986) where we held that, under 11 U.S.C. Sec. 523(a)(6), in Posta, and under U.S.C. Sec. 523(a)(2)(A), in Black, a creditor seeking to have his debt declared nondischargeable must prove that it comes within the statute by "clear and convincing evidence."
 
 
 [2]
 As stated in Grogan, the preponderance of the evidence standard is applicable in civil actions between private litigants unless particularly important individual interests or rights are at stake. Grogan, --- U.S. at ----, 111 S.Ct. at 658. A debtor does not have an interest in discharge sufficient to require a heightened standard of proof. Id. at ----, 111 S.Ct. at 659. Furthermore, Congress has chosen the preponderance standard when it has created substantive causes of action for fraud. Therefore, the fact that "most States" may require that fraud claims be proven by clear and convincing evidence would not support the conclusion that Congress intended to adopt the clear and convincing standard for fraud discharge exceptions. Id. at ----, 111 S.Ct. at 660