**In re David Merle DURGIN, Debtor.**

**David Merle DURGIN, Plaintiff,**

**v.**

**Charlene DURGIN; State of California, acting through County of Butte Family Support Division; Bill J. Cook, d/b/a Law Corporation, Defendants.**

**Bankruptcy No. 93–10768–7. Adv. No. 93–5229.**

United States Bankruptcy Court, D. Kansas.

Jan. 31, 1995.

---

Terry S. Stephens, Wichita, KS, for debtor/plaintiff.

Charlene Durgin, pro se defendant.

Edward J. Nazar, Trustee, Wichita, KS.

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Complaint to Determine Dischargeability and Request for Injunction filed by David Merle Durgin ("debtor"). The debtor appears by and through his attorney, Terry S. Stephens. Charlene Durgin ("defendant") appears pro se. A pretrial conference was held on March 11, 1994; and upon the subsequent filing of briefs by the parties, the Court took the matter under advisement.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(*l* ).

### FINDINGS OF FACT

Debtor and defendant were married on June 5, 1987, and two children were born to the couple during the marriage. On October 26, 1990, defendant filed a petition for legal separation in the Superior Court of the State of California, County of Butte, in Case No. 108209. Accompanying the filing of the petition was an Order to Show Cause for an immediate court order awarding to defendant the custody of the two minor children, for an award of temporary child and spousal support, and for an award of attorney's fees. Defendant's application for these temporary orders was heard on November 30, 1990, and debtor appeared personally at that hearing. On November 30, 1990, the court made a temporary order awarding defendant temporary custody of the minor children, established a child visitation schedule for debtor, and set a further date for purposes of hearing any objection debtor had to the validity of California jurisdiction over the issue of child custody and spousal and child support.

Debtor, appearing through counsel on January 11, 1991, moved to dismiss and quash the California action based upon a lack of jurisdiction over debtor and for an order declining jurisdiction pursuant to the provisions of the Uniform Child Custody Jurisdiction Act. The court considered affidavits and declarations of the parties, other documents, and arguments of counsel in support of and in opposition to the motion. Pursuant to an Order dated February 1, 1991, the court denied the motion finding in pertinent part as follows:

1. That the Respondent's appearance at the hearing of November 30, 1990 constituted a general appearance for purposes of imposition of personal jurisdiction over him.

2. That neither California nor Kansas qualifies for "home state status" under the provisions of the Uniform Child Custody Jurisdiction Act, Civil Code Section 5150, et seq.

3. That there are significant connections between the parties and the State of California sufficient for California to exercise its jurisdiction over the issue of child custody and visitation under the provisions of the Uniform Child Custody Jurisdiction Act.

Debtor, subsequent to the February 1, 1991 Order, filed a Motion for Reconsideration of the Order. That motion was heard on March 15, 1991. The Court heard the debtor's arguments concerning reconsideration and denied the motion. No appeal has been taken from either the February 1, 1991 Order, nor the denial of the Motion for Reconsideration, and the time for appeal has expired.

Pursuant to a hearing on February 1, 1991, the California court ordered child support in the amount of $768.00 payable by debtor to defendant commencing 11/1/90; spousal support in the amount of $514.00 commencing 11/1/90; debtor to continue medical and life insurance coverage for mother and children (not to borrow against, transfer, etc.); custody with defendant, with reasonable visitation by debtor restricted to California; and $1,500.00 attorney's fees and costs payable by debtor to Mr. Cook.

On November 9, 1990, debtor filed for divorce in the County of Sedgwick, State of Kansas, Case No. 90–D–4120. On January 29, 1991, the Kansas court entered a default divorce judgment which awarded residential custody of the minor children to debtor. Neither debtor nor defendant were ordered

to pay any child support in the order issued by the Kansas court.

On May 19, 1992, debtor filed in the United States District Court for the Eastern District of California, Case Number CIV-S-92 793 EJG JFM, a Complaint for Declaratory Relief seeking in part an order declaring Kansas the only proper state to adjudicate issues involving the parties' divorce; that the District Court give full faith and credit to the Kansas divorce decree entered January 29, 1991; that defendant be ordered to comply with each and every term of the Kansas divorce decree; and that the California courts had deprived debtor of his due process constitutional rights under 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, by failing to contact the Kansas courts regarding this dispute. On July 8, 1992, defendant filed a motion to dismiss the debtor's complaint, and held a hearing on August 21, 1992. On August 26, 1992, the District Court filed an Order After Hearing, granting defendant's motion to dismiss with prejudice. Debtor did not appeal this Order.

On December 4, 1992, debtor appeared in the Butte County Superior Court action for purposes of establishing a visitation order. An Order was entered on February 25, 1993.

In the present adversary proceeding, this Court entered an order on April 6, 1994, granting a default judgment to debtor against defendant Bill J. Cook, d/b/a Law Corporation.

## CONCLUSIONS OF LAW

Debtor argues that the purported debt to defendant and the parties' children was not made in accordance with State law and is therefore dischargeable pursuant to 11 U.S.C. § 523(a)(5). Debtor argues that because the California Court did not have jurisdiction to make a custody determination regarding the children, the future support which will accrue in conjunction with the custody determination should be declared dischargeable. Debtor also asserts that the payment of attorney's fees to Bill J. Cook for his representation of defendant in the California proceeding is not in the nature of support, and thus should be discharged. In addition, debtor seeks an injunction permanently enjoining all defendants from taking any action to collect pursuant to the temporary order of the Superior Court of California or any subsequent order issued by said Court unless Kansas releases jurisdiction of the parties' children.

Initially, this Court must note that there is a distinction between a determination on the underlying debt, and a determination as to the dischargeability of that debt. First, this Court will address the determination on the underlying debt.

■ Res judicata enables this Court to give full faith and credit to a prior state court judgment in assessing whether a "claim" or "debt" exists in this case. *In re Tague,* 137 B.R. 495, 502 (Bankr.D.Colo.1991) (citations omitted). In general, the bankruptcy court must give full faith and credit to a state court judgment. *See* U.S. Const. Art. IV, § 1; 28 U.S.C. § 1738. The Supreme Court has held that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Lack of jurisdiction or fraud are the only grounds which nullify a state court judgment. *Browning v. Navarro,* 887 F.2d 553, 563 (5th Cir.1989), *reh'g denied* 894 F.2d 99 (5th Cir.1990).

■ Debtor has raised the issue of whether the California court had proper subject matter jurisdiction when it rendered its judgment. Although full faith and credit will not be given to a state court judgment if the rendering court did not have jurisdiction over the parties and the subject matter, the principles of res judicata and collateral estoppel apply even to jurisdictional issues. *Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1020 (5th Cir.1982), *cert. denied* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983). The requirements of full faith and credit bar a party from collaterally attacking a divorce decree on jurisdictional grounds where there has been participation by that party in a divorce proceeding, where that party has been accorded full opportunity to contest the jurisdictional

issues, and where the decree is not susceptible to such collateral attack in the courts of the state which rendered the decree. *Johnson v. Muelberger*, 340 U.S. 581, 586, 71 S.Ct. 474, 477, 95 L.Ed. 552 (1951); *see also Key v. Wise*, 629 F.2d 1049, 1056 (5th Cir.1980), *cert. denied* 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981) (holding that a determination by a state court that it has jurisdiction of the case is generally conclusive when the jurisdictional question is fully litigated); *Durfee v. Duke*, 375 U.S. 106, 116, 84 S.Ct. 242, 248, 11 L.Ed.2d 186 (1963) (holding that where the jurisdictional issues had been fully and fairly litigated by the parties and finally determined in the state court, the federal district court was precluded from further inquiry); *Salazar v. United States Air Force*, 849 F.2d 1542, 1547 n. 9 (5th Cir.1988) (holding that the state court judgment which recited that the court had personal and subject matter jurisdiction and the obligation before it fell within a particular statutory definition was adequate to indicate that the statute was the basis for the court's jurisdiction, so that the judgment was not subject to collateral attack); *Peeples v. Peeples*, 103 Ga.App. 462, 468–69, 119 S.E.2d 710 (1961) (holding that where judgment sued on was complete and regular upon its face and contained recitals as to jurisdictional facts, it was entitled to full faith and credit).

■ In the present case, debtor appeared by counsel in the California proceedings and has challenged the California court's jurisdiction through a motion to dismiss and quash, a motion to reconsider and a separate action brought in the federal district court. In its February 1, 1991 Order, the California court found that it had proper jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act. Therefore, this Court must give full faith and credit to the underlying debt established in the California proceedings.

■■ Although the state court judgment has preclusive effect as to the nature and amount of the debt, this Court must address whether the underlying debt is dischargeable since the state court never addressed this issue. The Bankruptcy Code provides that debts which are actually in the nature of alimony, maintenance, or support are not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). By requiring an obligation to be "actually in the nature of alimony, maintenance, or support," Congress sought to ensure that the policy underlying § 523(a)(5) is not undermined either by the treatment of the obligation under state law or by the label which the parties attach to the obligation. *In re Sampson*, 997 F.2d 717, 722 (10th Cir.1993). Because the label which the parties attach to the obligation does not control, the Court must look beyond the language of the Agreement to the intent of the parties and the substance of the obligation. *Id.* at 722–23.

■ Debtor has not argued that the child support and spousal support obligations are not actually in the nature of support. In fact, in debtor's Memorandum of Law he offers the following as a proposed finding: "However, if at any time Kansas accepts the judgment of California and agrees to enforce it, such judgment will not have been discharged herein because it will be deemed to have been a valid nondischargeable support obligation." The Court finds that the child support and spousal support awarded by the California court is clearly in the nature of support and nondischargeable.

Debtor has, however, argued that the award of attorney's fees to Bill Cook d/b/a Law Corporation are not in the nature of support. This Court has previously entered a default judgment to debtor on this issue. Therefore, the Court finds that the attorney's fees debtor was ordered to pay to Bill J. Cook, d/b/a Law Corporation are dischargeable in debtor's bankruptcy case.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's claim for child support and spousal support is actually in the nature of alimony, maintenance or support, and is therefore NONDISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(5).

**IT IS FURTHER ORDERED BY THE COURT** that the attorney's fees payable to Bill J. Cook, d/b/a Law Corporation, were not in the nature of alimony, maintenance or support, and are therefore DISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(5).

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.