**In re William WALLACE, Debtor.**

**Mark KLEMENS, Plaintiff–Appellee,**

**v.**

**William WALLACE,**
**Defendant–Appellant.**

**No. 86–1539.**

United States Court of Appeals,
Tenth Circuit.

Feb. 29, 1988.

Anthony F. Avallone and Glenn B. Neumeyer of Law Systems of Las Cruces, P.A., Las Cruces, N.M., for defendant-appellant.

Tim Chelpaty, Alamogordo, N.M., for plaintiff-appellee.

Before McKAY, ANDERSON, and TACHA, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(c). The cause is therefore ordered submitted without oral argument.

## I.

On June 19, 1984, Mark Klemens filed a complaint in a New Mexico state court against William Wallace for fraud and conversion. In the complaint, Klemens alleged that Wallace fraudulently obtained monies from Klemens and that Wallace intentionally, willfully, and maliciously converted monies that Klemens gave to Wallace to purchase stereo equipment. Klemens sought judgment for $7,106.68 and for punitive damages. Record, vol. 2, at 9–12.

On November 9, 1984, after a nonjury trial on the merits, the state court entered its judgment against Wallace. The judgment stated in part: "That the defendant [Wallace] embezzled funds lawfully entrusted to him in the amount of $7,106.68. The action on part of the Defendant was intentional." The state court awarded Klemens both compensatory and punitive damages. Record, vol. 2, at 2–3.

Wallace subsequently filed bankruptcy in the United States Bankruptcy Court for the District of New Mexico. Klemens then instituted an adversary proceeding in the bankruptcy court, seeking a judicial determination that Wallace's debt to Klemens under the state-court judgment was nondischargeable under 11 U.S.C. § 523(a)(4) (1982). Record, vol. 2, at 1. Section 523(a)(4) (emphasis added) provides that an individual debtor is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, *embezzlement*, or larceny."

Klemens filed a motion for summary judgment claiming that the state court's determination that Wallace embezzled funds from Klemens precluded relitigation on the issue of whether the debt owing to Klemens was a debt for embezzlement, rendering the debt nondischargeable under section 523(a)(4). Record, vol. 2, at 6. On July 19, 1985, the bankruptcy court granted Klemens' motion. In its memorandum opinion, the bankruptcy court stated that

[the state court] clearly addressed the issue of embezzlement. Embezzlement would entail the same findings of fact to arrive at the legal conclusion in both State Court proceeding as in the Bankruptcy Court. This Court does not feel that it should look behind the State Court judgment entered against the defendant since that case was a final decision on the merits, with the same cause of action, with identical parties.

Record, vol. 2, at 18.

Wallace appealed the bankruptcy court's summary judgment to the United States District Court for the District of New Mexico, 62 B.R. 91. After reviewing the bankruptcy court's memorandum opinion, the parties' memoranda, the legal authorities germane to the issue, and the record submitted on appeal, the district court agreed with the bankruptcy court's analysis and affirmed the summary judgment. According to the district court, the state-court judgment reflected that the embezzlement issue was actually litigated by the parties and necessarily decided. The district court concluded that the state court's adjudication of embezzlement was binding on the bankruptcy court in determining whether Wallace's debt to Klemens was a debt for embezzlement. Record, vol. 1, doc. 5.

Wallace now appeals from the district court's affirmance of the bankruptcy

court's summary judgment. The issue before this court is whether the state court's judgment that Wallace intentionally embezzled funds entrusted to him was binding on the bankruptcy court and barred relitigation in the dischargeability action on the issue of whether the debt owing to Klemens was a debt for embezzlement, rendering the debt nondischargeable under section 523(a)(4).

## II.

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the United States Supreme Court held that a bankruptcy court is not barred by res judicata from determining, independent of a state-court judgment against the debtor, the nature of a debt to determine its dischargeability. However, the Supreme Court noted:

> This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. [Citations omitted.] If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the former Bankruptcy Act; similar to section 523 of the present Bankruptcy Code], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10. Since *Brown*, the doctrine of collateral estoppel has been recognized in cases involving a bankruptcy court's examination of the dischargeability of a debt. *See, e.g., Harold v. Simpson and Co. v. Shuler (In re Shuler)*, 722 F.2d 1253, 1255 (5th Cir.), *cert. denied*, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984); *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981); *cf. Lombard v. Axtens (In re Lombard)*, 739 F.2d 499, 502 (10th Cir.1984) (dicta indicating that collateral estoppel may be invoked in dischargeability actions under section 17(a)(2) of former Bankruptcy Act, 11 U.S.C. § 35(a)(2) (1976), where bankruptcy court had exclusive jurisdiction to determine dischargeability; question left unanswered since collateral estoppel requirements not satisfied); *Goss v. Goss*, 722 F.2d 599 (10th Cir.1983) (collateral estoppel recognized in dischargeability actions under section 17(a)(7) of former Bankruptcy Act, 11 U.S.C. § 35(a)(7) (1976), where state courts and bankruptcy courts had concurrent jurisdiction to determine dischargeability).

■ Although the bankruptcy court in a dischargeability action under section 523(a) ultimately determines whether or not a debt is dischargeable, we believe that the doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability,[*] as the Supreme Court noted in *Brown*. We find no countervailing statutory policy which would prevent applica-

---

[*] The issue of whether collateral estoppel may be invoked in a dischargeability action under section 523(a) was not before this court in *First National Bank v. Franklin (In re Franklin)*, 726 F.2d 606 (10th Cir.1984). In *Franklin* the bankruptcy court applied collateral estoppel, based on a state-court record and judgment, in determining whether a debt was dischargeable. The district court reversed, holding that the bankruptcy court was not bound by collateral estoppel. According to the district court, although the bankruptcy court could refer to the state-court record and judgment, the bankruptcy court was required to make independent findings as to the nature of the debt in determining whether the debt was dischargeable. The case was remanded to the bankruptcy court; the district court's decision requiring an independent determination by the bankruptcy court was not appealed to this court. On remand, the bankruptcy court made its own findings, which conformed to the state court's judgment, and again concluded that the debt was nondischargeable. The debtor appealed the bankruptcy court's findings. The issue before this court was simply whether the bankruptcy court's independent findings were clearly erroneous. Consequently, this court did not comment on or determine whether the district court was correct in not applying collateral estoppel under the circumstances of the case or in requiring the bankruptcy court to make an independent determination. Nor did this court discuss whether collateral estoppel could be invoked in dischargeability actions.

tion of the doctrine. Consequently, collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if (1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment. *Shuler,* 722 F.2d at 1256; *Goss,* 722 F.2d at 604; *Spilman,* 656 F.2d at 228; *see also Lombard,* 739 F.2d at 502.

■ In this case, the issues sought to be precluded from relitigation in the bankruptcy court were the issues establishing whether or not Wallace's debt to Klemens was a debt for embezzlement. As noted above, a debt for embezzlement is nondischargeable under section 523(a)(4). For purposes of establishing nondischargeability under section 523(a)(4), embezzlement is defined under federal common law as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Great American Insurance Co. v. Graziano (In re Graziano),* 35 B.R. 589, 594 (Bankr.E.D.N.Y.1983) (quoting *Gribble v. Carlton (In re Carlton),* 26 B.R. 202, 205 (Bankr.M.D.Tenn.1982)); *see also American Family Insurance Group v. Gumieny (In re Gumieny),* 8 B.R. 602, 605 (Bankr.E.D.Wis.1981). The definition of embezzlement in New Mexico is the same. *See State v. Peke,* 70 N.M. 108, 115, 371 P.2d 226, 231, *cert. denied,* 371 U.S. 924, 83 S.Ct. 293, 9 L.Ed.2d 232 (1962); *State v. Seefeldt,* 54 N.M. 24, 26, 212 P.2d 1053, 1054 (1949); *see also Rainbo Baking Co. v. Apodaca,* 88 N.M. 501, 542 P.2d 1191 (Ct. App.) (tort action for embezzlement), *cert. denied,* 89 N.M. 6, 546 P.2d 71 (1975).

We believe that the bankruptcy court was correct in discerning from the state-court judgment that the state court, in finding that Wallace intentionally "embezzled funds lawfully entrusted to him," necessarily addressed issues and made factual adjudications which establish that Wallace's debt fell within the purview of a "debt for embezzlement" under section 523(a)(4). Although Klemens did not actu-

ally use the term "embezzlement" in his complaint, the complaint in essence alleges that Wallace fraudulently obtained monies from Klemens, that Klemens gave monies to Wallace for the purpose of purchasing stereo equipment, and that Wallace intentionally, willfully, and maliciously converted the monies. Consequently, the issues necessary to establish embezzlement under section 523(a)(4)—fraudulent appropriation, property of another, and entrustment or lawful acquisition—were essentially raised in Klemens' complaint and involved in the prior action. Because the issues were the same, Wallace had every incentive to litigate the issues in the state-court proceeding.

The state-court judgment, which recites that the parties were given a full trial on the merits, reflects that the issues necessarily addressed to establish that Wallace embezzled funds entrusted to him were actually litigated by the parties. Wallace cannot complain that he was denied a full and fair opportunity to present his case or litigate the relevant issues.

The state-court judgment also reflects that the court's determination of the issues necessary to establish embezzlement was essential to and, in fact, resulted in the final judgment of the case. Specifically, the judgment makes it clear that the court found the pertinent issues in favor of Klemens and awarded Klemens all compensatory damages prayed for in the complaint and punitive damages as a result of the court's finding that Wallace intentionally embezzled Klemens' monies. Wallace cannot now contest the finality of the judgment or attempt in this court to collaterally attack the findings made by the state court after a trial on the merits. *See United States Life Title Insurance Co. v. Dohm (In re Dohm),* 19 B.R. 134, 138 (N.D.Ill. 1982); *cf. Goss,* 722 F.2d at 605 (defendant had right to appeal in state courts; collateral estoppel consequences of a final, unappealed judgment on the merits are not altered by fact that judgment may have been wrong).

We conclude, therefore, that the requirements of collateral estoppel have been met.

The bankruptcy court was correct in discerning from the state-court judgment and from Klemens' complaint that the same factual issues before the bankruptcy court in the dischargeability action were presented and actually litigated by the parties in the prior state action and necessarily decided by the state court in arriving at its judgment. Consequently, the bankruptcy court was correct in according collateral estoppel effect to the state-court finding and judgment of embezzlement in determining that Wallace's debt to Klemens was nondischargeable under section 523(a)(4).

Accordingly, the district court's affirmance of the bankruptcy court's summary judgment is AFFIRMED.