963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Carl Michael CARANNA, Debtor.
Carol Ruth HUSERIK, Plaintiff-Appellant,
v.
Carl Michael CARANNA, Defendant-Appellee.
 No. 89-1357.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1992.
 
 Before HOLLOWAY, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's affirmance of the bankruptcy court's determination discharging a state court judgment entered against debtor and in favor of plaintiff. In May 1985, plaintiff contracted to sell her home to debtor, a real estate broker. As partial consideration for her home, debtor assigned to plaintiff his rights under a promissory note executed in favor of debtor by debtor's business partner, Mr. Scarff.
 
 
 2
 The promissory note obligated Mr. Scarff to make monthly payments of approximately $750 only in the event Mr. Scarff received a monthly dividend in excess of $2,000 from his shares of stock in a rental business owned by debtor, Mr. Scarff, and a third party. Mr. Scarff secured the promissory note with 2,000 shares of stock in the rental business. Debtor personally guaranteed plaintiff the payments due under the note.
 
 
 3
 At the closing of the real estate transaction, plaintiff asked debtor about the location of the stock certificates securing the note. Debtor assured plaintiff that, because debtor was guaranteeing the payments under the note, physical possession of the stock certificates did not matter.
 
 
 4
 Neither debtor nor plaintiff notified Mr. Scarff of the assignment. Debtor never offered, nor did plaintiff request, Mr. Scarff's address. Debtor began making payments of approximately $750 to plaintiff each month.
 
 
 5
 In November 1985, as part of a court-approved settlement agreement in a state action to dissolve their business association, debtor released Mr. Scarff from his obligations under the promissory note. Debtor did not notify plaintiff of the release. Debtor continued to make the monthly payments to plaintiff until July 1986. After debtor stopped making the monthly payments, plaintiff located Mr. Scarff and discovered debtor had released Mr. Scarff's obligations under the note.
 
 
 6
 Plaintiff commenced an action in state court against debtor for fraud. The parties stipulated that debtor was liable to plaintiff for compensatory damages in the amount of $45,000 as a result of debtor's obligations as guarantor of the promissory note. After an evidentiary hearing, the state court determined that because circumstances of fraud accompanied the parties' real estate transaction, debtor was liable to plaintiff for punitive damages in an amount equal to the amount of compensatory damages. The state court entered judgment against debtor and in favor of plaintiff in the total amount of $90,000.
 
 
 7
 Debtor then commenced bankruptcy proceedings, seeking to discharge the state court judgment. Plaintiff filed an objection to prevent the discharge of the state court judgment under 11 U.S.C. § 523(a)(2)(A) and (a)(4). Section 523(a)(2)(A) prevents the discharge of a debt resulting from "false pretenses, a false representation, or actual fraud," while § 523(a)(4) prevents the discharge of a debt resulting from larceny, embezzlement, or fraud by a fiduciary. The bankruptcy court denied plaintiff relief under § 523(a) and discharged the state court judgment. Plaintiff appealed to the district court, which affirmed.
 
 
 8
 Plaintiff appeals from the district court's affirmance, asserting five claims of error. This court reviews a bankruptcy court's legal determinations de novo, while reviewing factual findings under a clearly erroneous standard. See First Bank of Colo. Springs v. Mullet (In re Mullet), 817 F.2d 677, 678-79 (10th Cir.1987).
 
 
 9
 Plaintiff's first argument on appeal is that the state court judgment precluded the bankruptcy court's redetermination of the issue of fraud. While principles of collateral estoppel preclude a bankruptcy court's relitigation of factual issues previously litigated in state court, the ultimate determination of the dischargeability of a debt under § 523(a) is left to the bankruptcy court. Klemens v. Wallace (In re Wallace), 840 F.2d 762, 764 (10th Cir.1988). The bankruptcy court, therefore, did not err in making its own determination concerning the issue of fraud in addressing the dischargeability of the state court judgment.
 
 
 10
 Plaintiff next argues that the bankruptcy court erred in determining, after an evidentiary hearing, that the debt resulting from the state court judgment was not the result of fraud. Careful review of the record on appeal indicates the evidence before the bankruptcy court supported that determination.
 
 
 11
 The bankruptcy court determined that, although the debt resulting from the state court judgment was not the result of fraud, the debt was the result of larceny. See 11 U.S.C. § 523(a)(4). The bankruptcy court further determined, however, that plaintiff had failed to establish her damages resulting from the larceny. Plaintiff challenges this determination on appeal, arguing that the parties' stipulation in state court to the amount of compensatory damages and the state court's determination of the amount of punitive damages had conclusively established the amount of damages.
 
 
 12
 The amount of damages to which the parties stipulated in the state court action was the amount for which debtor was liable to plaintiff as a result of debtor's obligations as guarantor of the promissory note. The bankruptcy court determined, however, that debtor's larceny deprived plaintiff of the opportunity to enforce the promissory note against Mr. Scarff. The proper measure of damages resulting from the larceny, therefore, was the amount for which plaintiff could have enforced the promissory note against Mr. Scarff at the time debtor wrongfully released Mr. Scarff from his obligations under the note. Review of the record indicates plaintiff did not present evidence establishing the amount Mr. Scarff owed on the promissory note at the time of his release.
 
 
 13
 Similarly, plaintiff's argument that the bankruptcy court misled plaintiff into not addressing the issue of damages by ruling, in its order denying plaintiff's motion for summary judgment, that the state court's decision precluded relitigation of the state court's factual findings is unpersuasive. While the bankruptcy court did accept the state court's factual findings, including the amount of compensatory and punitive damages, those amounts were not the proper measure of damages resulting from the larceny. The bankruptcy court, therefore, did not err in discharging the state court judgment.
 
 
 14
 Finally, plaintiff argues that the bankruptcy court erred in denying plaintiff's request, made immediately after the bankruptcy court announced its decision, to reopen the hearing or grant a new hearing in order to allow plaintiff to present further evidence concerning the issue of damages. The bankruptcy court did not abuse its discretion in denying plaintiff's request. See Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co., 846 F.2d 1247, 1251 (10th Cir.1988) (trial court's determination of a motion for new trial reviewed under abuse of discretion standard).
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3