In re Frank See KALLMEYER, f/d/b/a Aspar I–VIII, L.P., Debtor.

Andres ALVARADO, Jesus Arellano, Mario Cerda, Guadalupe Estrada, David Garcia, Rogelio Navejar, Virgilio Navejar, Luis Perez, Roberto Perez, Andres Ramirez, Francisco Sanchez, Marco Villagran, Arturo Cortez, Jose Martinez, Armando Palacios, Faustino Arroyo, Gilberto Esparza, Guillermo Flores, and Procoro Gonzalez, Plaintiffs,

v.

Frank KALLMEYER, II, individually and d/b/a Missouri Home–Grown, Inc., Aspar I Limited Partnership, Aspar II Limited Partnership, Aspar III Limited Partnership, Aspar V Limited Partnership, and Aspar VI Limited Partnership, Defendants.

Bankruptcy No. 90–21793–7.
Adv. No. 91–6016.

United States Bankruptcy Court,
D. Kansas.

July 31, 1992.

Karin Anderson, Wyandotte–Leavenworth Legal Services, Kansas City, Kan., Javier Riojas, Texas Rural Legal Aid, Farm Worker Div., Eagle Pass, Tex., for plaintiffs.

Frank Kallmeyer, II, pro se.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the April 2, 1992 hearing on the motion of Andres Alvarado, et al. (hereinafter "plaintiffs") for summary judgment. The motion for summary judgment arises out of plaintiffs' complaint to determine dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) and (a)(6). The Court took the matter under advisement.

### FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That on July 14, 1989, plaintiffs commenced civil action No. M–89–121 in the United States District Court for the Southern District of Texas, McAllen Division (hereinafter the "District Court Action") against the defendants in the above-captioned adversary proceeding (hereinafter "defendants") for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a)(1), and breach of contract.

2. That on October 23, 1990, debtor filed for bankruptcy under Chapter 7 of Title 11, United States Code.

3. That on January 29, 1991, plaintiffs filed a complaint pursuant to 11 U.S.C. § 523(a)(6) to determine the dischargeability of a debt. The complaint prays for an order of this Court finding that the debts

of defendants[1] to plaintiffs for their violations of the FLSA and the AWPA are nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Complaint also seeks an award of attorneys' fees and costs. Plaintiffs filed their First Amended Complaint on June 10, 1991, praying for an order of this Court finding that the debts of defendants to plaintiffs for their violations of the FLSA and the AWPA are nondischargeable pursuant to 11 U.S.C. § 532(a)(6), and/or § 523(a)(2)(A).

4. That on August 21, 1991, this Court entered its written Order granting plaintiffs relief from the automatic stay provisions of 11 U.S.C. § 362 to permit plaintiffs to proceed with and continue the District Court Action.

5. That on December 9, 1991, a Final Judgment was entered in the District Court Action.

6. That on February 25, 1992, plaintiffs filed their motion for summary judgment, alleging that the decision in the District Court Action should be given collateral estoppel effect in the present discharge exception proceeding.

### CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs summary judgments, and is made applicable to bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) provides that the court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056.

Plaintiffs argue that summary judgment is appropriate because the merits of plain-

---

1. In the present adversary proceeding plaintiffs have named the same defendants that were named in the District Court Action. The Court finds that any judgment rendered by this Court with regard to this adversary proceeding relates only to Frank See Kallmeyer, who filed this Chapter 7 bankruptcy in his individual name. The Court may not assert jurisdiction over Missouri Home Grown, Inc., or ASPAR I, II, III, V and VI Limited Partnerships as these entities are not parties to this bankruptcy proceeding.

tiffs' claims and the damages to which they are entitled have been determined by the District Court Action which should enjoy collateral estoppel effect in this adversary proceeding to determine dischargeability. The Court must therefore determine whether the doctrine of collateral estoppel precludes the relitigation of any issues in the present dischargeability proceeding.

 Collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if: (1) the issue to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated by the parties in the prior action; and (3) the prior court's determination of the issue was necessary to the resulting final and valid judgment. *In re Wallace*, 840 F.2d 762, 765 (10th Cir.1988) (citations omitted).

 This Court takes judicial notice of the Final Judgment in the District Court Action, which is attached as Exhibit A to Plaintiffs' Statement of Material Facts Not in Dispute. The Final Judgment enters judgment against defendants and for plaintiffs and provides that each plaintiff shall recover from defendants the following amounts for each violation of the AWPA on which partial summary judgment was granted:

$50.00 for violation of 29 U.S.C. 1821(a);

$50.00 for violation of 29 U.S.C. 1821(b);

$50.00 for violation of 29 U.S.C. 1821(c);

$50.00 for violation of 29 U.S.C. 1823(b)(1);

$50.00 for violation of 29 U.S.C. 1841; and

$50.00 for violation of 29 U.S.C. 1842.

The Court finds that the portion of the Final Judgment set out above was actually litigated by the parties in the prior state court action. Therefore, the Court must determine whether the issue to be precluded is the same as that involved in the prior action, and whether the prior court's determination of the issue was necessary to the resulting final and valid judgment.

Plaintiffs claim that the debts are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) which provide that:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— ... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Plaintiffs base their claim under § 523(a)(6) on the District Court's finding that debtor intentionally and knowingly violated the AWPA. *See In re Gurda Farms, Inc.*, 15 B.R. 868, 876 (S.D.N.Y. 1981) (stating that under the former Bankruptcy Act one who violates the FLCRA knowingly is guilty of willful and malicious conduct within the meaning of section 17(a)(8)). The Final Judgment entered on December 9, 1991, in the District Court Action provides in pertinent part as follows:

... The Court found that Defendants Frank Kallmeyer, II, et al., intentionally and knowingly violated the Migrant and Seasonal Agricultural Worker Protection Act, (AWPA) 29 U.S.C. Section 1801, *et seq.*, by virtue of Mr. Kallmeyer's deposition testimony wherein he admitted having contacted the U.S. Department of Labor and OSHA prior to Plaintiffs recruitment to make sure he complied with all the rules and regulations relating to migrant agricultural workers and migrant housing. Mr. Kallmeyer also testified he read the AWPA regulations concerning housing and wages, thus, Defendants were aware of the AWPA provisions at the time the violations occurred. The Court therefore on August 2, 1990 entered partial summary judgment for Plaintiffs with respect to the Defendants' intentional violation of the following six provisions of the AWPA, 29 U.S.C. Sections 1821(a), (b), (c), 1823(b)(1), 1841 and 1842.

Debtor argues that nowhere in the Final Judgment was there a reference to a "malicious" act on the debtor's part. Debtor

goes on to cite the definition of "malicious" found in Webster's Dictionary and states that malice implies a deep-seated animosity that delights in causing others to suffer. However, the Court must determine what constitutes "willful and malicious injury" within the meaning of § 523(a)(6).

The Tenth Circuit Court of Appeals has found that willful means "deliberate or intentional," and that § 523(a)(6) requires "an intentional or deliberate injury." *In re Compos*, 768 F.2d 1155, 1158 (10th Cir. 1985). " 'Willful' conduct is conduct that is volitional and deliberate and over which the debtor exercises meaningful control, as opposed to unintentional or accidental conduct." *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989). The "willful" element simply addresses whether the debtor intentionally performed the basic act complained of. *Id.*

■ The focus of the "malicious" inquiry is on the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor, "not on abstract and perhaps moralistic notions of the 'wrongfulness' of the debtor's act." *Id.* (Citations omitted). The Tenth Circuit has held that:

> Under § 523(a)(6), the debtor's malicious intent can be shown in two ways. In the rare instances in which there is direct evidence that the debtor's conduct was taken with the specific intent to harm the creditor, the malice requirement is easily established ... More commonly, however, malicious intent must be demonstrated by evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights.

*Id.* at 367.

This Court finds that, with regard to the violations actually litigated, the issue of whether the debt was the result of a "willful and malicious injury" has already been determined by the District Court Action and that court's determination of the issue was necessary to the resulting final and valid judgment. Therefore, the Court grants plaintiffs' motion for summary judgment as it relates to debtor's violations of 29 U.S.C. §§ 1821(a), 1821(b), 1821(c), 1823(b)(1), 1841 and 1842 and finds that the

debt's resulting from these violations are nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

■ This Court finds that a portion of the Final Judgment was rendered with regard to issues that were not actually litigated by the parties in the District Court Action and therefore these issues shall not be accorded collateral estoppel effect. The Final Judgment states that:

> Defendants have not contested the balance of the claims. The Court therefore enters judgment for Plaintiffs and against Defendants with respect to the following seven intentional violations of the AWPA, 29 U.S.C. Sections 1821(f), (g), 1822(a), (c), 1821(d)(1), (2), and 1823(a); violation of the minimum wage provision of the Fair Labor Standards Act, 29 U.S.C. Section 206(a)(1), and the breach of contract claim.

The judgment debt resulting from the violations quoted above is the result of a default judgment and the Court finds that the issues sought to be precluded from relitigation were not actually litigated by the parties in the prior District Court Action. *See e.g. In re Billings*, 94 B.R. 803, 808 (Bankr.E.D.N.Y.1989) (stating that where prior judgment was obtained by default, the relevant issues have not been actually litigated and collateral estoppel does not bar the defendant from attempting to prove facts necessary to defeat such an action in the context of a later dischargeability proceeding) (Citations omitted).

Therefore, plaintiffs' motion for summary judgment regarding the dischargeability of the debt represented by this portion of the judgment shall be denied. Likewise, plaintiffs' claim under § 523(a)(2)(A) was based on the District Court's finding that debtor violated 29 U.S.C. § 1821(f) and therefore plaintiff is not entitled to summary judgment based on that subsection. The Court further notes that plaintiffs have not sought a determination of the dischargeability of the debt relating to the breach of contract claim.

IT IS THEREFORE, BY THE COURT, ORDERED That plaintiffs' motion for summary judgment shall be and the same is

hereby GRANTED in part and DENIED in part.

IT IS FURTHER, BY THE COURT, ORDERED That the debt resulting from the following judgment entered in favor of each plaintiff shall be and the same is hereby nondischargeable pursuant to 11 U.S.C. § 523(a)(6):

$50.00 for violation of 29 U.S.C. 1821(a);

$50.00 for violation of 29 U.S.C. 1821(b);

$50.00 for violation of 29 U.S.C. 1821(c);

$50.00 for violation of 29 U.S.C. 1823(b)(1);

$50.00 for violation of 29 U.S.C. 1841; and

$50.00 for violation of 29 U.S.C. 1842.

IT IS FURTHER, BY THE COURT, ORDERED That plaintiffs' motion for summary judgment with regard to the debts resulting from debtor's violations of 29 U.S.C. §§ 1821(d)(1) and (2), 1821(f), 1821(g), 1822(a), 1822(c), 1823(a), and 206(a)(1) shall be and the same is hereby DENIED. The dischargeability of these debts, along with plaintiffs' request for attorneys' fees and costs, shall be determined pursuant to a trial on the merits.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.