**In re Thomas V. HUDDLESTON and Lori M. Huddleston, Debtors.**

**Carmen HAAS, Plaintiff,**

**v.**

**Thomas V. HUDDLESTON, Defendant.**

**Bankruptcy No. 93–01119–W.**
**Adv. No. 93–0130–W.**

United States Bankruptcy Court,
N.D. Oklahoma.

July 30, 1993.

---

1. The bankruptcy proceedings were not stayed during the pendency of the appeals.

P. Gae Widdows, Tulsa, OK, for plaintiff.

Charles Peters Seger, Tulsa, OK, for defendant.

### ORDER GRANTING "MOTION FOR SUMMARY JUDGMENT" AND STRIKING TRIAL

MICKEY DAN WILSON, Chief Judge.

Plaintiff Carmen Haas ("Haas") brought her complaint commencing this adversary proceeding against defendant Thomas V. Huddleston ("Huddleston"), seeking exception to discharge under 11 U.S.C. § 523(a)(6). That statute excepts from discharge "any debt ... for willful and malicious injury by the debtor to another entity ..." On July 16, 1993, Haas filed her "Motion for Summary Judgment." Ten days later, Huddleston filed his "... Brief in Response ..." thereto.

Haas had previously sued Huddleston for damages for invasion of privacy in the United States District Court for the Northern District of Oklahoma ("the District Court"). On January 27, 1993, the District Court filed its "Findings of Fact and Conclusions of Law" and a "Judgment" pursuant thereto. The District Court held Huddleston liable for $5,000 in actual and $1,000 in punitive damages. In its "Findings of Fact and Conclusions of Law," p. 5 ¶ 30, the District Court determined as follows:

Defendant Huddleston's conduct was willful and wanton and demonstrated a conscious indifference and disregard for Plaintiff's rights entitling Plaintiff to $1,000.00, as and for punitive damages.

Haas moves for summary judgment in this Court on the basis of the findings and judgment in the prior action in the District Court. According to Haas, the District Court's determinations suffice to establish that Huddleston's actions were "wilful and malicious" for purposes of 11 U.S.C. § 523(a)(6); that such prior determination by the District Court precludes relitigation of these matters in this Court; and that accordingly, Huddleston's debt "for wilful and malicious injury" to Haas must be excepted from discharge under 11 U.S.C. § 523(a)(6) as a matter of law. Huddleston responds that "reckless disregard" of rights does not suffice to establish "malice" for purposes of 11 U.S.C. § 523(a)(6).

Huddleston's proposition of law is correct as far as it goes: under current law, recklessness is not "malice" for purposes of § 523(a)(6). On the other hand, "malice" is shown by

evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, [the debtor] proceeded to take action in violation of those rights,

*In re Culp*, 140 B.R. 1005, 1014 (B.C., N.D.Okl.1992) quoting *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989).

The present dispute does not involve recklessness. The District Court found that Huddleston acted with *"conscious ... disregard* for [Haas'] rights" (emphasis added). "Conscious" disregard necessarily implies "that [Huddleston] had knowledge of [Haas'] rights and that, with that knowledge, [Huddleston] proceeded to take action in violation of those rights," *In re Posta,* supra.

Under the rule of *In re Posta,* supra, the District Court determinations herein are sufficient to establish the elements of exception to discharge under § 523(a)(6). Res judicata does not apply in actions for exception to discharge, *Brown v. Felsen,* 442 U.S. 127, 134–139, 99 S.Ct. 2205, 2211–213, 60 L.Ed.2d 767, 773–776 (1979). But collateral estoppel does, *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 658, 112 L.Ed.2d 755, 763. The elements of collateral estoppel exist here, *Murdock v. Ute Indian Tribe,* 975 F.2d 683 (10th Cir. 1992); *U.S. v. Rogers,* 960 F.2d 1501 (10th Cir.1992); *In re Laing,* 945 F.2d 354 (10th Cir.1991); *In re Wallace,* 840 F.2d 762 (10th Cir.1988); Jeffrey Thomas Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy,* 58 Am.Bankr.L.J. 349 et seq. (1984). The parties herein are

collaterally estopped from re-litigating these matters.

Therefore, the plaintiff Haas' "Motion for Summary Judgment" must be, and the same is hereby, granted. Judgment in favor of Haas and against Thomas v. Huddleston (but not against his co-debtor in bankruptcy Lori M. Huddleston) shall be entered accordingly. Haas shall prepare and submit an appropriate form of judgment.

Trial scheduled for August 9, 1993 at 9:15 o'clock A.M. is stricken as moot.

AND IT IS SO ORDERED.