In re Jerry Earl **BROWN** and Janice Marie **Brown**, Debtors.

Jenny **ROEDER**, Plaintiff,

v.

Jerry Earl **BROWN**, Defendant.

Bankruptcy No. 91–12814.
Adv. No. 91–5283.

United States Bankruptcy Court, D. Kansas.

Nov. 29, 1993.

Steven R. Sublett, Wichita, KS, for debtors.

Jeff Griffith of Griffith & Griffith, Derby, KS, for Jenny Roeder.

John E. Foulston, U.S. Trustee, Wichita, KS.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

Jerry Earl Brown ("Brown"), the defendant/debtor, appears by his attorney, Steven R. Sublett, Wichita, Kansas. Jenny Roeder ("Roeder"), the plaintiff/creditor, appears by her attorney, Jeff Griffith of Griffith & Griffith, Derby, Kansas.

According to the Stipulated Facts filed on March 27, 1992, on September 21, 1986, Jerry Earl Brown struck Jenny Roeder in the forehead with a flashlight, causing her physical injury. Brown plead guilty to criminal misdemeanor battery in state court.[1] He then consented to a judgment of $10,000.00 when Roeder filed civil suit against him in state court for assault and battery.[2]

Brown filed his Chapter 7 petition on August 21, 1991. Roeder then prosecuted this adversary proceeding to have her judgment declared nondischargeable under 11 U.S.C. § 523(a)(6). Section 523(a)(6) provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

. . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. . . .

■ Roeder posits that her civil consent judgment conclusively determines that her injuries resulted from Brown's willful and malicious act. Brown denies that either the civil or criminal proceedings estop him from discharging the judgment debt, and he de-

nies that he acted willfully or maliciously, pleading instead that he was acting in self-defense.

The stipulation reveals that Brown appeared without an attorney when consenting to the civil judgment. He signed the approval line to the journal entry of judgment which was filed in state court at 12:45 p.m., February 27, 1989. He also signed, and his signature was acknowledged on, an Agreement in Lieu of Execution filed in state court at 12:49 p.m., February 27, 1989. The filing dates on these documents, as well as their contents, convince the Court that the agreement was the basis for entry of the civil consent judgment. This is borne out by the journal entry in the civil case which reads:

1. The parties announce to the Court that they have reached an agreement for settlement of the above captioned matter.

2. That the Defendant, Jerry Brown, announced to the Court that he wishes to withdraw his counterclaim herein and has reached an agreement for judgment on the Plaintiff's Petition for the intentional tort of battery, and for actual and punitive damages in the total amount of Ten Thousand Dollars ($10,000.00).

3. The Court inquired on the record of both of the parties to this action and with counsel and elicited their affirmation that this is a fair, just and equitable settlement of all of the issues herein.

4. The Court received on the record the terms of the agreement between the parties in lieu of execution and the Court ratified the applicability of said agreement in lieu of execution for the purposes of payment and recordation through the Clerk of the District Court of Harvey County, Kansas.

(Journal Entry filed February 27, 1989, in *Jenny Roeder v. Jerry Brown*, Case No. 87 C 4485 in the District Court of Harvey County, Kansas, Civil Department, at 1–2.)

The Agreement in Lieu of Execution identifies Brown as "Judgment Debtor" and Jer-

---

1. *State of Kansas v. Jerry E. Brown*, Case No. 86–CR–3139 in the District Court of Harvey County, Kansas, Criminal Section.

2. *Jenny Roeder v. Jerry Brown*, Case No. 87 C 4485 in the District Court of Harvey County, Kansas, Civil Department.

ry L. Berg, Attorney for Jenny L. Roeder, "as agent for and hereinafter referred to as 'Judgment Creditor.'" (Agreement in Lieu of Execution filed February 27, 1989, in *Jenny Roeder v. Jerry Brown*, Case No. 87 C 4485 in the District Court of Harvey County, Kansas, Civil Department, at 1.) Paragraph eight of that agreement provides:

> 8. This Agreement in lieu of execution is in settlement of an admitted judgment for the intentional tort of battery as plead to in the Petition in Case No. 87 C 4485 for actual and punitive damages and as further admitted by Judgment Debtor in Case No. 86 CR 3139, Journal Entry of February 3, 1987. *Judgment Creditor acknowledges this debt is non-dischargeable in bankruptcy.* (Emphasis added.)

*Id.* at 3.

The last sentence is the only reference in the agreement to the dischargeability of the debt in bankruptcy. Brown makes no statement in the document that can be construed as an agreement that the debt is nondischargeable. The most the Court can make of the underlined statement is that Roeder, through her attorney, Jerry L. Berg, intended that her judgment would be nondischargeable in a later bankruptcy. It is not clear that Brown, who was unrepresented by counsel, intended to agree with the assertion.

Although recognizing that the bankruptcy court has exclusive jurisdiction to determine dischargeability questions under § 523(a)(2), (4) and (6)[3], the Tenth Circuit has sanctioned the use of collateral estoppel (issue preclusion) in the dischargeability context:

> Consequently, collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if (1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment.

*In re Wallace*, 840 F.2d 762, 765 (10th Cir. 1988).

This case focuses on the second prong of this issue preclusion test, the "actual litiga-tion" requirement. The basically contractual nature of consent judgments has led to general agreement that their preclusive effects should be measured by the intent of the parties. 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4443 at 384 (1981).

■ Preclusion is appropriate if it is clear that the parties intended it as a part of their agreement. In *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987), a state court judgment was based upon a stipulation that an attorney had breached his fiduciary duties as the trustee of an express trust by misappropriating and defalcating with the trust corpus and income. In the stipulation, the attorney agreed (1) that malice was the gist of the action; (2) that he intended that his obligation to plaintiff be nondischargeable in any bankruptcy or similar proceeding; and (3) that in any subsequent proceeding all of the allegations of the complaint and the findings of the court should be taken as true without further proof. The court held that the intention of the parties was so clearly expressed in the consent judgment that the "actually litigated" requirement of the issue preclusion test was satisfied. The court further found that being an experienced attorney, the debtor was capable of protecting his interests in the prior action. *See also Hartley v. Mentor Corp.*, 869 F.2d 1469 (Fed.Cir.1989) (issue preclusion may arise by reason of stipulated judgment or consent decree, primary consideration under which is intent of parties).

This case is distinguishable from *Klingman* and *Hartley*. There is nothing in the criminal case plea, the journal entry of judgment, or the Agreement in Lieu of Execution to indicate that Brown intended to agree that the dischargeability of Roeder's claim could not be addressed in any later bankruptcy. The mere recitation by Roeder's lawyer that "Judgment Creditor acknowledges this debt is non-dischargeable in bankruptcy" may indicate the intent of the lawyer and Roeder, but it does not indicate that Brown had the same intent. Nothing in the documentation shows that Brown, who was unrepresented by counsel, understood or agreed that he

---

**3.** *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1978).

**20**

would be precluded in a later bankruptcy case from asking the court to determine whether the consent judgment was dischargeable. Accordingly, the Court finds that the issues sought to be precluded were not litigated by the parties in the prior state court action and cannot be given preclusive effect. The Clerk is directed to schedule the adversary action for pretrial conference.

This Memorandum Opinion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a). This proceeding is core under 28 U.S.C. § 157. The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984. (D.Kan. Rule 705.)

IT IS SO ORDERED.