**In re Jerry HORN and Johnnell Horn, Debtors.**

**Jerry HORN and Johnnell Horn, Plaintiffs,**

v.

**UNITED STATES of America, ex rel., INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 90–70678.
Adv. No. 93–7077.

United States Bankruptcy Court, E.D. Oklahoma.

March 8, 1994.

---

1. The application did mention time was spent "reviewing" the "initial report." This time is in the same category as "preparation" time, i.e., time that the Court has no basis for judging without further information from counsel.

Robert Inglish, Okmulgee, OK, for plaintiffs.

J. Joseph Raymond, Dept. of Justice, Washington, DC, for U.S., I.R.S.

### ORDER

TOM R. CORNISH, Bankruptcy Judge.

On this 7th day of March, 1994, the Motion for Summary Judgment filed January 12, 1994 by the United States of America (Docket Entry No. 15); the Memorandum in Support of Motion for Summary Judgment (Docket Entry No. 16); the Objection to Motion for Summary Judgment of Internal Revenue Service and Plaintiffs' Motion for Summary Judgment filed February 1, 1994 (Docket Entry No. 19); Plaintiffs' Brief in Support of Objection to Motion for Summary Judgment of Internal Revenue Service and Plaintiffs' Motion for Summary Judgment filed February 1, 1994 (Docket Entry No. 20); Stipulation of Facts filed February 1, 1994 (Docket Entry No. 21); and Reply Brief of United States, Re: Motion for Summary Judgment filed February 18, 1994 (Docket Entry No. 22) came on for consideration.

After review of the above-referenced pleadings, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with Rule 7052, Fed. R.Bankr.P., in this core proceeding:

### FINDINGS OF FACT

1. The Debtors requested Chapter 7 relief on June 19, 1990.

2. The case was an asset case and a notice to file proofs of claim was issued by the Clerk on October 16, 1990.

3. On January 4, 1991, the Internal Revenue Service filed a proof of claim for 1988 taxes ($1,000.00) and 1989 taxes ($2,000.00).

4. On August 16, 1991, the Trustee filed an objection to the Internal Revenue Service claim alleging the taxes had been paid.

5. The Internal Revenue Service did not respond although it received notice.

6. The Court on October 9, 1991 disallowed the claim.

7. At the time the claim was filed, the Debtors had filed their 1988 and 1989 tax returns indicating no tax was due; however, the Examination Division of the Internal Revenue Service was, at that time, auditing said returns.

8. The bankruptcy case was closed on June 10, 1992.

9. The Debtors received notice of an Internal Revenue Service levy for 1988 taxes for $17,833.92 in June of 1993.

10. On June 23, 1993, the Debtors' attorney advised the Internal Revenue Service that he believed the levy violated the automatic stay.

11. The following amounts have been offset or seized by the Internal Revenue Service:

| $780.00 | 1991 Tax Return Refund |
| $650.28 | Levy |
| $11.00 | Levy |

12. The Debtors moved to reopen the case on August 11, 1993 seeking to enforce the order disallowing the claim and enjoining the Internal Revenue Service from further collection procedures. The case was reopened on September 2, 1993.

13. The Debtors filed an adversary complaint on September 20, 1993 seeking to enjoin the IRS from attempting to collect the 1988 taxes.

### CONCLUSIONS OF LAW

A. This matter is a core proceeding to 28 U.S.C. § 157(b).

■ B. Ordinarily, this Court would have jurisdiction over the Defendant by virtue of the fact that Defendant filed a claim herein and also 11 U.S.C. § 505 which confers authority upon this Court to determine the amount of tax liability of a debtor. The Debtors' tax liability in question arises out of 1988 personal income taxes which are prepetition taxes. Thus, the Court has authority conferred upon it by 28 U.S.C. § 157(b) and 11 U.S.C. § 505 to consider these issues. Further, the government has voluntarily submitted itself to this Court's jurisdiction by filing a claim herein. 11 U.S.C. § 106.

■ C. The correct method for either party to determine the dischargeability of Debtors' personal liability for 1988 income taxes under § 505 is through a proper Bankruptcy Rule 7001 proceeding to determine dischargeability. This is not the case. The only related proceeding herein was a claim filed by the Defendant and an objection to the claim filed by the Debtors. The Court entered a default Order, after a failure of the Internal Revenue Service to appear, on the Objection to Claim. Where the decision is not on the merits, the failure to properly file a claim only results in the creditor not participating in any distribution of the bankruptcy estate. See, e.g., *In re Grynberg,* 986 F.2d 367 (10th Cir.1993). The claims process herein under Rule 3003, Fed.R.Bankr.P., did not determine dischargeability of the tax liability of the Debtors and was not decided on the merits.

■ D. Since no adversary complaint was filed under Rule 7001, Fed.R.Bankr.P., to determine the dischargeability of the Debtors' 1988 taxes by either the Debtors or the IRS, this issue was not reached in the bankruptcy proceeding. Res judicata or issue or claim preclusion is inapplicable since the determination of dischargeability or the factual issues determining same were not "actually litigated" by this Court or any other Court. See *In re Wallace,* 840 F.2d 762 (10th Cir.1988). No findings of fact or conclusions of law have been entered concerning the dischargeability of Debtors' 1988 federal tax liability. The legislative history of 11 U.S.C. § 505 outlines the procedure to be followed; i.e., when a Bankruptcy Rule 7001 complaint is not filed by either the debtor or taxing authority, the proper forum to challenge the IRS deficiency notice would be the

Tax Court since Debtors' personal liability has not been determined in the bankruptcy proceeding. See *In re Grynberg, supra.*

The Court finds that the post-discharge collection activity of the Internal Revenue Service is not barred by the Court's October 9, 1991 Order or any other Order issued by this Court.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment filed by Defendant United States of America is **granted.** The Motion for Summary Judgment filed by Plaintiffs is **denied.** This Order is entered without prejudice to the right of the Debtors to file an amended adversary complaint concerning dischargeability within twenty (20) days.