**In re Lisa Anne WARREN, a/k/a Lisa A. Warren, p/k/a Lisa Anne Dulek, Debtor.**

**Gary B. EASLEY, Plaintiff,**

**v.**

**Lisa A. DULEK, now Warren, Defendant.**

Bankruptcy No. 93–02034–W.
Adversary No. 93–0275–W.

United States Bankruptcy Court,
N.D. Oklahoma.

Dec. 31, 1996.

---

Larry E. Rahmeier, Claremore, OK, for Plaintiff.

James P. Tanner, Claremore, OK, for Defendant.

## ORDER GRANTING PLAINTIFF'S "MOTION FOR SUMMARY JUDGMENT" AND DENYING "... DEFENDANT'S MOTION FOR SUMMARY JUDGMENT" AND STRIKING TRIAL

MICKEY DAN WILSON, Chief Judge.

This adversary proceeding comes before the Court on cross-motions for summary judgment. Upon consideration thereof, and of the record herein, the Court now finds, concludes, and orders as follows. Procedural history of the matter is included among "Findings of Fact".

### FINDINGS OF FACT

The following facts are undisputed.

On January 21, 1993, Gary B. Easley ("Easley") sued Lisa A. Dulek, now Warren ("Warren") in the District Court of Rogers County, Oklahoma ("State court"). Easley's petition in the State court suit alleged that both he and Warren were "employed professionally" (as instructors) at Rogers State Col-

lege in Oklahoma; that Warren had accused Easley of "push[ing her and] . . . causing her to fall"; that such accusation was "totally false"; and that such false accusation was "slanderous and libelous" and "maliciously made", Easley's supp. ex. B ¶¶ 1, 2, 4. Easley sought actual damages in excess of $10,-000.00 and punitive damages of $500,000.00. On February 25, 1993, Warren answered, denying "each and every material allegation of [Easley's] petition" and asserting affirmative defenses of truth and privilege, Easley's supp. ex. C ¶ 1. She also counterclaimed for "assault and battery", *id.*, and sought actual damages in excess of $10,000.00 and punitive damages in excess of $10,000.00.

On June 17, 1993, Warren filed her voluntary petition for relief under 11 U.S.C. Chapter 7 in this Court. On September 16, 1993, Easley commenced this adversary proceeding by filing his "Complaint Under Section 523(A)(6)" against Warren. Therein Easley sought determination that Warren's debt to him for damages for defamation was excepted from discharge under 11 U.S.C. § 523(a)(6). Easley moved for partial abstention by this Court, to allow the State court to try the issues of liability and amount of damages. On January 7, 1994, this Court granted Easley's motion.

At the beginning of March 1996, the State court action came on for jury trial. The jury instructions included the following:

Instruction Number 6

### EXEMPLARY OR PUNITIVE DAMAGES

If you find in favor of the Plaintiff . . . Easley, and grant him actual damages, and if you find the conduct of the Defendant . . . [Warren], was or amounted to:

malice (actual or presumed);

reckless or wanton disregard of another's rights;

then you may, in addition to actual damages, grant Plaintiff . . . Easley, punitive damages in such sum as you reasonably believe will punish the Defendant . . . [Warren] and be an example to others.

The conduct of the Defendant was in wanton or reckless disregard of another's rights if Defendant was either aware, or did not care, that there was a substantial and unnecessary risk that her conduct would cause serious injury to others. In order for the conduct to be in wanton or. reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

.　　.　　.　　.　　. .

In no event should the exemplary damages exceed the amount of actual damages[,]

Easley's supp. ex. E.

On March 8, 1996, the jury returned verdicts for Easley on his petition against Warren, and against Warren on her counterclaim against Easley. The jury gave Easley actual damages of $60,000.00 and punitive damages of $10,000.00. On April 11, 1996, the State court entered its "Judgment on the Verdicts" for Easley in the same amounts. On April 30, 1996, the State court denied Warren's "Motion for New Trial and/or Motion to Reconsider". Warren did not appeal.

On October 15, 1996, Easley filed a "Report of Verdict and Judgment in State Court" in this adversary proceeding, apprising this Court that the issue of (non)dischargeability of the debt was now ready to be taken up. On November 7, 1996, this Court issued its "Scheduling Order". Said order, "anticipating a motion for summary judgment" by Easley, directed that such motion be filed by November 29, 1996, and any response thereto be filed by December 20, 1996. Said order also set the matter for trial on January 13, 1997.

On November 29, 1996, Easley filed his "Motion for Summary Judgment" and a "Brief in Support . . ." thereof. On December 2, 1996, Easley filed a "Supplement to Brief in Support . . ." with documentation attached. On December 20, 1996, Warren filed her "Reply to Motion for Summary Judgment and Defendant's Motion for Summary Judgment" with attached "Brief . . ." The Court's "Scheduling Order" did not anticipate a cross-motion for summary judg-

ment by Warren, and so did not schedule the filing of any response thereto. For reasons stated below, there is no need to await any response by Easley to Warren's motion.

### CONCLUSIONS OF LAW

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), 11 U.S.C. § 523(a)(6).

■ 11 U.S.C. § 523(a)(6) excepts from discharge "any debt ... for willful and malicious injury by the debtor to another entity ..." The debt excepted from discharge may include both actual and punitive damages, *In re Manley*, 135 B.R. 137, 141ff. (B.C., N.D.Okl.1992).

■ In his motion for summary judgment, Easley argues that the State court verdict and judgment preclude relitigation of issues in this Court, and suffice to establish the elements of exception to discharge under § 523(a)(6). Although claim preclusion or res judicata does not apply to State court judgments offered in (non)dischargeability litigation in Bankruptcy Court, *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), issue preclusion or collateral estoppel may so apply, if the issues litigated in State court are in fact substantially the same as the issues to be litigated in Bankruptcy Court, *In re Wallace*, 840 F.2d 762 (10th Circ.1988). (Other requirements for applicability of collateral estoppel are not in question and are certainly satisfied herein—see *In re Wallace*, 840 F.2d at 765; *In re Tsamasfyros*, 940 F.2d 605, 606–607 (10th Circ. 1991)).

Warren argues that the issue of "willfulness or maliciousness" is not the same in State and Bankruptcy courts, because

... [T]he definition of wilfulness by Oklahoma courts varies and is apparently somewhat different th[a]n the definition of wilfulness as it applies to Federal Bankruptcy litigation. The case *In re: Thompson* (Bkrtcy.E.D.Mich.1993) appears to require actual knowledge of substantial certainty of harm to be done to

another. No instruction given to the jury actually required knowledge of harm[,]

Warren's brief p. 2.

The case incompletely cited by Warren seems to be *In re Thompson*, 162 B.R. 748 (B.C., E.D.Mich.1993). That case involved the "mixed motives" of a debtor who defamed her child's father by accusing him of child abuse, *id.* p. 759. The court held that there was no "malice" insofar as debtor made her accusations to State officials because she believed they were true, but there was "malice" insofar as debtor made her accusations to newspaper reporters even though she believed they were true. Such holding appears inconsistent. The apparent inconsistency is explained to some extent by the court's very fine definition and application of the term "malice". On the other hand, such application seems to depend less on the debtor's actual motive(s) than on the court's own opinion of whether there was "just cause or excuse" for the debtor's conduct under all the circumstances, *id.* pp. 759, 760, 761. Whatever *In re Thompson*'s merits or demerits, that case is (1) distinguishable, since there is no hint of "mixed motives" in the case now before this Court; and (2) in any event, not binding on this Court.

■ The Court of Appeals of this Circuit has repeatedly held as follows:

Under § 523(a)(6), the debtor's malicious intent can be shown ... by evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, [the debtor] ... willfully disregarded the rights of [the creditor] ...,

*In re Posta*, 866 F.2d 364, 367–368 (10th Circ.1989);

... Under § 523(a)(6), maliciousness is established if the debtor possesses actual knowledge, or if it is reasonably foreseeable, that his conduct will result in injury to the creditor ...,

*In re Grey*, 902 F.2d 1479, 1481 (10th Circ. 1990) citing *In re Posta*, supra. In the State court action, the jury was instructed that, to incur liability for punitive damages, Warren's conduct must *at least* have been "in wanton or reckless disregard of [Easley]'s rights";

and that "wanton or reckless disregard" means the following:

> ... [Warren] was either aware, or did not care, that there was a substantial and unnecessary risk that her conduct would cause serious injury ... [T]here must have been a high probability that the conduct would cause serious harm to another person[,]

Easley's supp. ex. E. There is no substantial difference between the 10th Circuit's formula and the jury instruction. "Willfull disregard" (10th Circ.) is equivalent to "aware, or did not care" (jury); "reasonably foreseeable that conduct will result in injury" (10th Circ.) is equivalent to "high probability that conduct would cause serious harm" (jury). To award $10,000 in punitive damages against Warren, the jury must have found the substantial equivalent of "malice" for purposes of § 523(a)(6).

 Warren proposes that "the burden of proof for liable [sic; libel] and slander is different in State Court and in Federal Bankruptcy Court", being "the greater weight of the evidence" in the former and "clear and convincing evidence" in the latter, Warren's brief pp. 2–3. This is not correct. In *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the United States Supreme Court held that a "preponderance of evidence" standard applies to all exceptions to discharge under § 523(a). And see *In re Tsamasfyros,* 940 F.2d at 607. It is now almost six years since *Grogan v. Garner* was decided. The Court wonders how much longer it will take before the bar stops raising this non-issue.

Warren moves for summary judgment in her favor on the ground that the Oklahoma punitive damages statute, 28 O.S. § 9, and the posture and events of the State court action, together indicate that any finding of malice in the State court action was *not* by "clear and convincing evidence" but only by a preponderance. This is immaterial, for the reason stated in the preceding paragraph. Accordingly, there is no need to await Easley's response to Warren's motion for summary judgment.

Easley clearly is entitled to summary judgment in his favor. Warren clearly is not entitled to summary judgment in her favor. Therefore, Easley's "Motion for Summary Judgment" is hereby granted; and "... Defendant's Motion for Summary Judgment" is hereby denied. Judgment shall issue accordingly. Easley shall prepare and submit a form of judgment. Trial set for January 13, 1997 is stricken.

AND IT IS SO ORDERED.